

# The Attorney General of Texas

November 14, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Kenneth H. Ashworth
Coordinating Board
Texas College & University System
P. O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. MW-272

Re: Whether a community college may deposit funds in a savings and loan institution when a member of the board of trustees is a stock holder, officer, director or employee of the savings & loan.

Dear Mr. Ashworth:

You have requested our opinion as to whether a community college district may deposit funds in a savings and loan association if a member of the district's board of trustees is a stockholder, officer, director or employee of the savings and loan.

Section 130.084 of the Education Code provides that the board of trustees of a community college district is to be governed:

> ...by the general law governing the establishment, management and control of independent school districts insofar as the general law is applicable.

Section 23.74 of the Education Code requires that a "school depository" shall be a bank located in the State of Texas. In a series of opinions from this office, it has been determined that savings and loan associations do not qualify as depositories for political subdivisions without statutory authorization. See Attorney General Opinions H-1013 (1977); H-723 (1975); M-22 (1967).

Specifically, the statutory terms "bank, banking corporation, association or individual banker" have been determined not to include savings and loan associations. It would seem clear that the same rationale applies to the section 23.74 requirement that a school depository must be a bank.

The caption to Senate Bill 1195, Acts 1979, 66th Legislature, chapter 829, at 2167, indicates that the legislature has drawn a clear distinction between the placing of school funds in a "depository" and the "investment" of such funds. Since using a savings and loan association as a depository is

not authorized, the question remains whether the placement of funds within a savings and loan is a proper investment, rather than deposit, of college funds.

Section 23.80 of the Education Code, amended in 1979, provides:

> The school district shall have the right to provide in its bid blank for the right to place on time deposits with savings and loan institutions located within the State of Texas only funds that are fully insured by the Federal Savings and Loan Insurance Corporation, but no district may place on deposit with any savings and loan institution any bond or certificate of indebtedness proceeds as provided by section 20.42 of this code. The school district is entitled to invest any and all of its funds in direct debt securities of the United States of America or other types of bonds, securities, warrants, etc., which the district is authorized by law to invest in. No depository bank selected under this subchapter may be compelled without its consent to accept on time deposit any bond proceeds under section 20.42 of this code, but a depository shall be permitted to offer a bid of interest equaling the highest bid of interest for the time deposit of the bond proceeds tendered by another bank. If the depository bank equals the bid, it is entitled to receive the bond proceeds on time deposit.

(Emphasis added). In our opinion, this statute does not furnish affirmative authority for the investment of funds in a savings and loan association. Whereas a district "is entitled to invest. . . in direct debt securities of the United States. . . or other types of bonds, securities, warrants, etc.," the only authority conferred by section 23.80 with regard to savings and loan institutions is the reservation of a right of investment in such institutions vis a vis the district's depository bank. We believe that this provision should be construed as anticipatory legislation, to the effect that, if the legislature subsequently permits investments in savings and loan associations, a district will be protected against an allegation by its depository bank that such investments unconstitutionally impair the obligation of contracts. See Attorney General Opinion H-723 (1975).

The history of state depository laws indicates that the legislative intent would not be properly applied by construction of section 23.80 to allow funds to be placed within a savings and loan association as investments rather than deposits. In Lawson v. Baker, 220 S.W. 260, 269 (Tex. Civ. App. - Austin 1920, no writ) the court noted that:

> . . .the general depositing of money in a bank or depository, with or without interest, subject to the check or demand of the depositor, is not a loan or investment. The basis of distinction recognized in these cases is that a loan is for the benefit of the borrower, and cannot be withdrawn until the same becomes due, at the time fixed in the contract, which is usually some time

certain. On the other hand, a deposit is for the benefit of the depositor primarily, and, while it is true that the relation of debtor and creditor results, it is not necessarily a loan. If the money is to remain on deposit for a fixed period, during which time the depositor has no right to demand the return of the money, the transaction may be regarded as in all substantial respects a loan, but if the deposit is not for a time certain, but the money must be returned upon demand of the depositor, the transaction cannot, in any proper sense, be regarded as a loan.

This view is strengthened by the legislative history of section 23.80. The committee indicated that the following were legally permissible investments by a school district: water district bonds, municipal bonds, school bonds, city and county bonds, treasury notes and all federal paper guaranteed by the federal government. No reference was made to investments in a savings and loan association. In our opinion, then, section 23.80 does not directly authorize a community college district to invest its funds in any savings and loan association, regardless of whether a member of the district's board of trustees is or is not a stockholder, officer, director or employee of the savings and loan.

## SUMMARY

A community college district is not authorized to invest its funds in any savings and loan association, regardless of whether a member of the district's board of trustees is or is not a stockholder, officer, director or employee of the savings and loan.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Rick Gilpin & Mitch Winnick
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Rick Gilpin
Tom Pollan
Mitch Winnick
Bruce Youngblood